UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **JOHN DARREN SAHAGUN** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.:  6:20-cv-01554-ACA |
| } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRATION,** } | |
| **COMMISSIONER,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff John Sahagun appeals the decision of the Commissioner of Social Security denying his claims for a period of disability and disability insurance. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

### I.     PROCEDURAL HISTORY

Mr. Sahagun applied for a period of disability and disability insurance benefits on September 13, 2018. (R. at 67). Mr. Sahagun alleged that his disability began on March 28, 2018. (*Id*. at 68). The Commissioner initially denied Mr. Sahagun's claims on May 10, 2019. (*Id*. at 90–94). Mr. Sahagun then requested a hearing before an Administrative Law Judge ("ALJ"). (*Id*. at 95–96). After holding a hearing, the ALJ issued an unfavorable decision on April 6, 2020. (*Id*. at 12–29).

The Appeals Council declined Mr. Sahagun's request for review (r. at 1), making the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C. §§ 405(g).

## II. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgement for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks

omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III.   ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Mr. Sahagun had not engaged in substantial gainful activity since his alleged disability onset date of June 15, 2018. (R. at 17–18). The ALJ found that Mr. Sahagun's anxiety, depression, post-traumatic stress disorder, degenerative disc disease, sleep apnea, and morbid obesity were severe impairments. (*Id.* at 18). However, the ALJ found that Mr. Sahagun's irritable bowel syndrome, hyperlipidemia, hearing loss, tobacco use disorder, and alcohol dependence were non-severe impairments. (*Id.*). The ALJ then concluded that Mr. Sahagun did not suffer from an impairment or combination of impairments that

meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 18–21).

After considering the evidence of record, the ALJ determined that Mr. Sahagun had the residual functional capacity ("RFC") to perform light work with additional limitations. (R. at 21–27). Based on this RFC and the testimony of a vocational expert, the ALJ found that Mr. Sahagun was unable to perform any past relevant work. (*Id*. at 27–28). However, the ALJ found that jobs existed in significant numbers in the national economy that Mr. Sahagun could perform, including as a merchandise maker, mail clerk, or office helper. (*Id*. at 28–29). Accordingly, the ALJ determined that Mr. Sahagun had not been under a disability, as defined by the Social Security Act, between the alleged onset date through the date of the ALJ's decision. (*Id*. at 29).

### IV. DISCUSSION

Mr. Sahagun argues the Commissioner's decision should be reversed for three reasons: (1) because the ALJ failed to evaluate the Veterans Administration's ("VA") disability determination regarding Mr. Sahagun, (2) because the ALJ erred in assessing Mr. Sahagun's symptoms and the severity of those symptoms, and (3) because the ALJ's decision is not supported by substantial evidence. (Doc. 12 at 1). The court will address each of Mr. Sahagun's arguments in turn.

A. <u>The Veterans Administration's disability determination</u>

Mr. Sahagun first argues that the ALJ erred in failing to give the VA's disability rating great weight. (Doc. 12 at 16). Although Mr. Sahagun concedes that the VA's disability rating is not binding on the Social Security Administration, he maintains that the ALJ was required to give it great weight under existing case law. (*Id.*) (citing *Olson v. Schweiker*, 663 F.2d 593 (5th Cir. 1981)).

Mr. Sahagun's argument ignores recent changes to the Federal Regulations, which now state that disability decisions by other governmental entities—such as the Department of Veterans Affairs—are not binding on the Social Security Administration. 20 C.F.R. § 404.1504. Moreover, the new regulations state that, for claims filed after March 27, 2017, the Administration "will not provide any analysis in [its] determination or decision about a decision made by any other governmental agency. . . about whether you are disabled." *Id*. Instead, the Administration must only consider the supporting evidence underlying the other agency's decision without considering that decision itself. *Id*.

Mr. Sahagun's claim was filed after March 27, 2017 and is therefore subject to the new regulations. (R. at 67). Accordingly, the ALJ was not required to provide analysis about the VA's disability decision. 20 C.F.R. § 404.1504. Under the new regulations, the ALJ was required only to consider the supporting evidence underlying the VA's decision. *Id*. And the ALJ did evaluate Mr. Sahagun's records

from the VA and his progress notes from VA Medical Centers. (R. at 23–25, 358–414, 415–90, 596–639, 679–733, 734–1287, 1288–1339). The ALJ's treatment of the VA's disability determination and the underlying evidence in support of that determination was proper and in accord with the new regulations.

B. The severity of Mr. Sahagun's symptoms

Mr. Sahagun's second argument is that the ALJ erred in assessing his symptoms and the severity of those symptoms. (Doc. 12 at 17). According to Mr. Sahagun, the ALJ did not properly analyze his subjective reports regarding his symptoms of PTSD, anxiety, depression, and back pain. (*Id*. at 19–20).

A claimant can establish disability through personal testimony about pain or other symptoms, but a claimant's statements alone are insufficient to establish disability. 20 C.F.R. § 404.1529(a). To establish disability based on testimony of pain or other subjective symptoms, a claimant must satisfy two parts of a three-part test: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition . . . can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotations omitted). Once an ALJ identifies an underlying medical condition that could reasonably be expected to produce a claimant's subjective symptoms, the ALJ evaluates the claimant's statements about

6

the intensity, persistence, and limiting effects of the symptoms in relation to the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(c)(1)-(4). If the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The court will not disturb an ALJ's clearly articulated credibility finding if it is supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

Mr. Sahagun alleged disability due to PTSD, hearing loss, sleep apnea, back pain, headaches, and immobility in his left wrist. (R. at 22, 68). The ALJ determined that Mr. Sahagun's medically determinable impairments could reasonably be expected to produce some of his alleged symptoms, but that Mr. Sahagun's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the objective medical evidence and other evidence in the record. (*Id.* at 22). For the reasons given below, the ALJ's finding is supported by substantial evidence.

As for Mr. Sahagun's mental impairments, the ALJ recognized that the evidence included "complaints of anxiety, depression difficulty with short-term memory, concentration, tearfulness, headaches, and mood changes." (*Id*. at 23). But the ALJ concluded that "the evidence does not support [Mr. Sahagun] to be as limited as alleged by any mental impairment." (*Id*.). In making this determination,

the ALJ evaluated records from the Veterans Affairs Medical Center that indicated Mr. Sahagun had a "pleasant affect, [was] alert and oriented, and his recent and remote memory [was] intact." (*Id*. at 23, 367, 431, 604–05). The ALJ specifically pointed out that, at his October 8, 2019 primary care visit at the VA Medical Center, Mr. Sahagun reported that Ritalin helped his concentration and focus and that his anger and anxiety were controlled unless he had a "spell". (*Id*. at 24, 430, 860). Notes from that same visit indicate Mr. Sahagun had "good energy and a stable mood." (R. at 24, 860)

In addition to records from the VA Medical Center, the ALJ also evaluated records from Warriors Heart, where Mr. Sahagun underwent residential inpatient treatment for chemical dependence. (*Id*. at 23, 491). The ALJ noted that those records indicated that Mr. Sahagun successfully completed the program in February 2019 and demonstrated improvement during his time there. (*Id*. at 23, 564–71). The ALJ also evaluated evidence from Dr. Justin Anderson's psychological consultative exam with Mr. Sahagun, in which Dr. Anderson observed "no evidence of a formal thought disorder or abnormal thought content." (*Id*. at 23, 669). According to Dr. Anderson, Mr. Sahagun possessed fair memory, normal speech, and a linear thought process. (*Id*.).

As for physical impairments, Mr. Sahagun claimed that his back injury affected his ability to perform a range of daily activities, including sitting, kneeling,

walking, squatting, or bending. (R. at 24, 49–51). The ALJ recognized that Mr. Sahagun was diagnosed with degenerative disc disease and that the evidence demonstrated complaints of low back pain, back tenderness, muscle spasms, and muscle pain. (*Id*. at 24, 611, 893, 903). But again, the ALJ determined that Mr. Sahagun's characterization of his symptoms was not entirely consistent with objective evidence in the record. (*Id*. at 25). The ALJ analyzed Mr. Sahagun's MRIs from July 2017 and July 2019 and noted the MRIs indicated degeneration and herniation. (*Id*. at 24, 396–401, 740–43, 903). However, the ALJ noted that multiple physical examinations revealed Mr. Sahagun had normal gait. (*Id*. at 24–25, 439, 669, 1096, 1023).   Specifically, the ALJ analyzed Mr. Sahagun's physical examination by Dr. Robert Bready conducted in April 2019. (*Id*. at 24, 26, 672–78). In addition to noting that Mr. Sahagun could ambulate without difficulty, Dr. Bready also observed that Mr. Sahagun had normal manipulative skills, could squat on the floor and recover, and could touch his toes. (R. at 676–78). In fact, Dr. Bready's notes indicated that Mr. Sahagun's cervical spine was within normal limits and that Mr. Sahagun had "only . . . mild right hip flexion weakness." (*Id*. at 677). The ALJ also noted that Mr. Sahagun was being treated for his back pain in the form of physical therapy and steroid injections. (*Id*. at 23, 679–701, 1291–92).

    Mr. Sahagun argues that the ALJ did not recognize the severity of his mental and physical symptoms as he described them, and that the ALJ therefore failed to

articulate reasons for rejecting those subjective reports. (Doc. 12 at 20). Credibility determinations are within the province of the ALJ, and the court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Here, the ALJ determined that Mr. Sahagun's subjective testimony regarding his symptoms did not line up with the objective medical evidence contained in the record. This finding is supported by substantial evidence, as outlined above. The court will therefore not disturb the ALJ's findings regarding the severity of Mr. Sahagun's symptoms.

### 3. Substantial Evidence Standard

Lastly, Mr. Sahagun argues that the ALJ's decision is not supported by substantial evidence because the ALJ ignored "evidence consistent with Mr. Sahagun's subjective reports while focusing on pieces of evidence supporting her conclusion." (Doc. 12 at 21).

The substantial evidence standard is not a rigorous one. "Substantial evidence is something more than a mere scintilla, but less than a preponderance." *Dyer*, 395 F.3d at 1210 (internal quotations omitted). Moreover, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical

condition as a whole." *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quotation marks omitted).

Mr. Sahagun argues that the ALJ relied heavily on favorable portions of the record while discounting or ignoring those portions unfavorable to her decision. (Doc. 12 at 21–22). Specifically, he claims that the medical evidence demonstrates a continuation of his symptoms and not improvement. (*Id*. at 23). This argument misconstrues the ALJ's decision. The ALJ did not find, nor does the Commissioner argue in its brief, that Mr. Sahagun suffered no symptoms from his impairments. Rather, the ALJ concluded that the objective medical evidence of the record did not indicate Mr. Sahagun's mental and physical symptoms were as severe as he described. (R. at 21–27). Moreover, the ALJ was not required to refer to every piece of evidence in the record, and the court finds that the ALJ's decision indicates she considered Mr. Sahagun's condition as a whole. *See Mitchell*, 771 F.3d at 782. Mr. Sahagun's argument essentially invites the court to reweigh the evidence in this case, which it cannot do. *See Crawford*, 363 F.3d at 1158–59. Because the ALJ's decision is supported by substantial evidence, the court will not disturb it.

V. **CONCLUSION**

Substantial evidence supports the Commissioner's decision and the Commissioner applied proper legal standards in reaching that decision. Therefore,

the court **WILL AFFIRM** the Commissioner's final decision.  The court will enter a separate order consistent with this memorandum opinion.

    **DONE** and **ORDERED** this December 21, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE